(No. 6986.   March 4, 1942)

EDITH E. BOOTH, Respondent, v. FLORENCE L. SHEPHERD, Appellant.

(123 Pac. (2d) 422)

James & James, for Appellant.

Parry & Thoman, for Respondent.

MORGAN, J.—This case came to us entitled "George J. Merritt, Plaintiff and Respondent, vs. Florence L. Shepherd, Defendant and Appellant, In the Matter of the Petition of Edith E. Booth, For a Writ of Assistance." Merritt was plaintiff in a suit to foreclose a mortgage, but was not a party to the proceeding for writ of assistance which resulted from the foreclosure sale, nor is he a party to this appeal. At the time of the oral argument on appeal counsel consented that the title be reformed so as to correctly name the parties litigant here, and that has been done.

November 10, 1933, Alonzo Price and Carrie E. Price, his wife, conveyed to Walter G. Leflang the following described property in Blaine County, Idaho, to-wit:

"All of Lot Five in the Northwest Quarter of the Southwest Quarter, and all that portion of the Southwest Quarter of the Southwest Quarter, all in Section Eighteen, Township Four North, Range Eighteen East, Boise Meridian, southerly of Trail Creek and westerly of U. S. Highway No. 93, containing approximately eight acres."

July 18, 1934, the assessor of Blaine County filed for record, in the office of the county recorder of that county, a list of descriptions of tax lots, including No. 1421, which was therein described as follows:

"All of Lot Five in the Northwest Quarter of the Southwest Quarter, and all that portion of the Southwest Quarter of the Southwest Quarter all in Section Eighteen,

Township Four North, Range Eighteen East, southerly of Trail Creek and westerly of U. S. Highway No. 93, contains approximately 8 acres."

That document was filed for record pursuant to Idaho Code Annotated, § 61-302, which requires the assessor to give tax numbers to lands described by metes and bounds and to assess them by number instead of by metes and bounds descriptions; also to file with the county recorder a list of such tax numbers, showing an accurate description of the tract of land designated by each number.

November 18, 1936, Leflang and his wife, by warranty deed, conveyed to appellant, Florence L. Shepherd, land in Blaine County, which, according to a stipulation dictated into the record, was described in the deed as follows:

"Tax Lot No. 1421, being a part of Lot Five in Section Eighteen, E. B. M. in the County of Blaine, State of Idaho, together with all improvements thereon, and all water, water rights, ditches, etc., belonging to the said land or appurtenant thereto, containing seven and ninety-two one-hundredths acres."

It seems to be probable a mistake was made in dictating the stipulation, or in writing it, whereby reference to the township and range was omitted. No mention of this omission was made in the briefs or oral arguments.

October 1, 1937, appellant mortgaged the above mentioned land, together with other real estate, to George J. Merritt, to secure the payment of a promissory note for $800, due April 1, 1938. In the mortgage the land involved in this appeal is described thus:

"Tax Lot No. 1421, being a part of Lot 5, in Section 18, T. 4 N., R. 18 E., B. M., in the County of Blaine, State of Idaho, together with all improvements thereon, and all water, water rights, ditches, etc., belonging to the said land or appurtenant therto; containing 7.92 acres."

Thereafter, Leflang and his wife made, executed and delivered a deed, wherein the following, together with other recitals, appears:

"THIS INDENTURE, Made the 25th day of July, in the year of our Lord One Thousand Nine Hundred and Thirty-eight, between W. G. Leflang and Minnie M. Le-

flang, husband and wife, parties of the first part, and Florence L. Shepherd, the party of the second part:

"WITNESSETH, That the said parties of the first part, for and in consideration of the sum of One (and other valuable considerations) DOLLARS lawful money of the United States of America, to them in hand paid by the said party of the second part, receipt whereof is hereby acknowledged, have bargained, sold, released, and forever quit-claimed, and by these present do bargain, sell, remise, release, and forever quit-claim unto the said party of the second part, and to her heirs and assigns, the following described real property situate in the County of Blaine and State of Idaho, to-wit: All of Lot Five in the Northwest Quarter of the Southwest Quarter, and all that portion of the Southwest Quarter of the Southwest Quarter, all in Section Eighteen, Township Four North, Range Eighteen East, Boise Meridian, Southerly of Trail Creek and westerly of U. S. and State Highway Number Ninety-three, containing approximately Eight acres.

"(the consideration for this deed is less than $100)"

June 26, 1939, Merritt commenced suit in the district court to foreclose the mortgage. In his complaint the land involved herein is described in the language heretofore copied from the mortgage. The suit resulted in a decree of foreclosure and sale of the property, and the same description as that contained in the mortgage and complaint is in the decree of foreclosure, the order of sale, the certificate of sale and the sheriff's deed.

Respondent, Edith E. Booth, became the purchaser of the mortgaged property at sheriff's sale. After the period of redemption had expired, and the sheriff's deed had been issued to her, she exhibited the deed to appellant and demanded possession of the premises, which was refused. Respondent applied to the district court for a writ of assistance. Appellant answered the application for the writ and resisted the issuance thereof. A hearing was had and the parties introduced oral and documentary evidence. The proceeding resulted in an order that the writ of assistance issue. This appeal is from the order.

Lot 5, mentioned in the description of the land involved in this appeal, is shown on a copy of a United States Land

Office plat in evidence to be a fractional subdivision of the Northwest Quarter of the Southwest Quarter of Section 18, Township 4 North, Range 18 East, Boise Meridian, and adjoins the townsite of Ketchum.

Immediately south of lot 5 is lot 6, also adjoining the townsite of Ketchum, in the Southwest Quarter of the Southwest Quarter of said Section 18. The dwelling house on the tract is located on lot 6, and prior to and at the time of demand on her for possession, appellant was occupying and using it as her residence. She refused to deliver possession of the house, and of the portion of the land in lot 6, and seeks to justify her refusal on the ground that no part of said lot is included in the mortgage and that she acquired title to the land on which the house is situated, by purchase, after the mortgage was given.

A plat, in evidence, of the premises shows the line between lots 5 and 6, being the southern boundary of the Northwest Quarter of the Southwest Quarter and the northern boundary of the Southwest Quarter of the Southwest Quarter of said section 18, divides the tract in such a way as to leave about an equal amount of land in each lot.

The questions presented for decision may be stated thus: 1. Was appellant the owner, at the time she executed and delivered the mortgage, of the land in lot 6, on which the dwelling house wherein she resides is situated? 2. Was that land included in the mortgage?

If appellant, when she received the first deed from Leflang and his wife, had purchased only the land in Lot 5, and that deed was intended to convey only that land, and if the second deed from the Leflangs was intended to evidence the purchase of, and as a conveyance to her of, the land in lot 6, and not as a correction deed to more fully and accurately describe the land intended to be conveyed by the first, the part of the tract in lot 6 was not included in the mortgage and the order appealed from is erroneous.

If, however, appellant purchased from Leflang and wife all the land embraced in tax lot No. 1421 and it was the intention of the parties to the transaction that she was to receive title, not only to that part of the tract in

Lot 5, but also the part in lot 6, and if the second deed was not intended to evidence a new purchase, but was intended to more fully and accurately describe the entire tract, of approximately eight acres, which appellant theretofore purchased and owned, the mortgage covered the entire tract, and the order appealed from should be affirmed.

Section 44-807 provides:

"Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security for the debt in like manner as if acquired before the execution."

In 7 C. J. S., p. 5, with respect to the writ of assistance, it is said:

"However, while it is not required that claimant establish the validity of his title in resisting the application, where the issuance of the writ is contested on the ground of the right to possession of the person against whom it is sought, the claim of possession must be colorable or reasonable, not frivolous, collusive, or unsupported."

An examination of the record convinces us appellant's claim of right to retain possession of a part of the property on which the mortgage was foreclosed is not bona fide, and that this was a proper case for an order for a writ of assistance.

With respect to her understanding of what she bought from Leflang and wife, and what she thought she was acquiring by their first deed to her, appellant testified, on direct examination:

"Q. Now at the time that you received the deed from —the first deed from Mr. Leflang and wife in 1936, what property did you understand you were getting?

\*   \*   \*   \*   \*   \*   \*   \*   \*

"A. I understood that I was getting Lot Five west of the Highway 93.

"Q. Did Mr. Leflang point out the property that you were getting?

"A. Well, he just—we were on the ground and he just described what he thought he had; that was all.

"Q. Did he point out any of the land east of the road?

"A. No, he did not.

"Q. Now at the time you executed the mortgage to Merritt were you still of the opinion that you owned that part of Lot Five west of the road?

"A. Yes, the part lying west, part of Lot Five.

"Quit claim deed from Leflangs to Mrs. Shepherd; marked for identification defendant Florence Shepherd's exhibit '2.'

"Q. Handing you paper which has been marked as defendant's exhibit '2,' for identification you can just state generally what that is?

"A. That would be the deed. When I found that the deed from Mr. Leflang did not convey what I thought I was buying I requested this deed, if he owned the property.

*    *    *    *    *    *    *    *    *

"Q. Prior to obtaining defendant's exhibit '2,' being the last deed, did you ascertain that the house was on lot 6?

"A. Yes, the house that I am living in.

"Q. Is that one of the reasons why you got this new deed, Mrs. Shepherd?

"A. Yes.

"Q. Now on lot 6 is there any buildings?

"A. On lot 6?

"Q. Yes.

"A. The one that I live in.

"Q. You built that or remodeled it or rebuilt it?

"A. I did, finished the floors myself and did a great deal of work, the original work.

"Q. At what expense about?

"A. Well approximately eight hundred dollars at least up to last year."

On cross-examination, she testified:

"A. I knew why I could not sell the house; it was mortgaged."

It is clear appellant was familiar with the tract

of land, consisting of approximately eight acres, she purchased from Leflang and wife, which purchase was evidenced by the deed executed and delivered November 18, 1936; that the part of the tract on which her dwelling house was located lay in lot 6; that she mortgaged the entire tract to Merritt; that after purchasing the property and mortgaging it, she discovered her deed was defective and, for the purpose of curing the defect, she procured the quit claim deed and that, by so doing, she did not acquire title to any other or different property than she then owned and had mortgaged, and that whatever title she acquired by the quit-claim deed inured to the benefit of the mortgagee as security for the payment of the debt.

The order appealed from is affirmed. Costs are awarded to respondent.

Givens, C.J., and Budge, Holden, and Ailshie, JJ., concur.